## ZIMMERMAN v. SOUTH DAKOTA CENT. RY. CO.

Giving its ordinary meaning to the language of the charge and the special verdict, in an action for constructing a railroad across plaintiff's land, permitted by contract only "on a line as now staked out and located on" the land, it cannot, on a record not containing the evidence, and against the decision of the trial court to the contrary, be held that the special finding was inconsistent with the general verdict for plaintiff, so as to require, under Code Civ. Proc. § 271, a judgment for defendant; the charge being to find for plaintiff if the jury believed the "permanent survey" was made after the contract was executed, or that the permanent survey had been changed and the road built on a line different from the permanent survey as staked out when the contract was executed, and the special verdict being simply that defendant had, prior to the contract, "surveyed" and staked out its road on the line where it was built.

(Opinion filed, November 14, 1911.)

Appeal from Circuit Court, Lake County. Hon. J. W. JONES, Judge.

Action by Lilly M. Zimmerman, administratrix, against the South Dakota Central Railway Company. Judgment for plaintiff. Defendant appeals. Affirmed.

*Joe Kirby,* for appellant. *Farmer & Blewitt,* for respondent.

HANEY, J. This action was brought by the administratrix of the estate of Marie F. Zimmerman, deceased, to recover damages for the alleged wrongful construction of the defendant's railway across a quarter section of land in 1905, then the property of the deceased. So far as material, the court charged the jury as follows: "The railway company claims it acquired the right of way by a written contract. This contract, which has been introduced in evidence here, provides: 'For a consideration of one dollar and other consideration and the benefits to the neighborhood,' etc., 'may construct the road across there upon a line as now staked out and located upon, over and through the land described.' * * * The plaintiff contends that the railroad was not built upon that survey, but that the survey was changed; that the road was built upon another line; and that raises a question of fact for you to determine. If you find that the road was built as it now is, upon the permanent survey, and that that survey had been made and staked out there before the signing of that con-

tract, the contract being dated the 23d of June, then that would end the case, and your verdict should be for the defendant. If, on the contrary, you find that the permanent survey had not been made at that time and was made afterwards, or that it was changed and the road built in any different place than the permanent survey as it was then staked out, then the company would not have the right under this contract to do as it did, and the plaintiff would be entitled to recover. * * * As I stated to you before, the first proposition is this: Was the railroad permanently located and staked out upon the ground at the time the contract was made for the right of way? Was it staked out and the survey made on the line as it is now built? If you find in favor of the defendant upon that issue, and that it was so staked out, then your verdict will be for the defendant. If you find against the defendant and for the plaintiff upon that issue, then ascertain the amount of damage, taking into consideration and remembering the instructions in regard thereto the court has heretofore given you. * * * There will be sent out to you, in addition to a general verdict in the case, a special verdict. You will answer that yes or no, as you may find, and let the foreman sign it." The jury returned the following special finding and general verdict: "Q. Had the company through its engineer, Mr. Wagner, prior to the making of the right of way contract, dated June 23, 1905, surveyed and staked out its road over the farm mentioned on the line where it afterwards built? A. Yes." "We, the jury in the above-entitled action, find all the issues in favor of the plaintiff and against the defendant and assess their damage at the sum of $200." Thereafter each party moved for judgment; the plaintiff relying on the general verdict, and the defendant relying on the special finding. Plaintiff's motion was granted, defendant's denied, and this appeal taken.

The denial of defendant's motion for judgment, notwithstanding the general verdict, is the only error assigned. This being so, the court's charge must be regarded as correctly defining the issues of fact upon which the jury was required to pass in determining whether the plaintiff was entitled to recover, and it must

be presumed the jury followed the instructions of the court, unless the contrary is shown by the special finding. "Where a special finding of fact is inconsistent with the general verdict, the former controls the latter, and the court must enter judgment accordingly." Rev. Code Civ. Proc. § 271. A special finding shows on its face that the jury believed the facts to be as stated therein; while a general verdict merely creates the presumption that the jury followed the court's instructions and found the facts to exist which would justify their verdict. Hence, if the facts established by a special finding are inconsistent with any state of facts which would justify the general verdict, the presumption in favor of the latter is overcome, and the former must control.

Apparently, the real controversy in the case at bar was whether the defendant's road was constructed on the line contemplated by the parties when the right of way contract was executed; but that was not the issue that was submitted to the jury. They were insructed to find for the plaintiff: (1) If they believed that the "permanent survey" was made after the contract was executed; or (2) if they believed the "permanent survey" had been changed and the road built on a line different from the "permanent survey" as staked out when the contract was executed. The presumption that the jury followed the court's instructions should prevail unless the facts stated in the special finding are inconsistent with both propositions embraced by the charge. The facts or fact established by the special finding, transposing the language of the interrogatory, is simply this: Defendant had surveyed and staked out its road on the line where it was afterwards built prior to the making of the contract. Clearly, this cannot be construed as a finding that the "permanent survey" was made before the contract was executed, especially when the record discloses "that the evidence of both plaintiff and defendant tended to show that certain lines of survey had been made by the defendant company at the place and also to the east and west of the present constructed line, which was evidenced by stakes or pieces of lath driven in the ground at the time defendant's agents and representatives showed plaintiff where it proposed to construct its roadbed." The survey

mentioned in the special finding may or may not have been the one contemplated by the contract; it may or may not have been the "permanent survey" meant by the court and understood by the jury. Then this court cannot conclude that the special finding is inconsistent with the general verdict without wholly ignoring the force and effect of the word "permanent," which should not be done on a record which does not contain the evidence. Instructions are given and understood with reference to the evidence. The learned trial court, who heard the evidence and. knew the significance of the word, considered in the light of all the evidence, decided there was no conflict between the special finding and general verdict. That decision is presumptively correct. And, giving to the language of the special finding and charge its ordinary meaning, there is no conflict.

Therefore, the defendant was not entitled to judgment, notwithstanding the general verdict, and the judgment of the circuit court should be affirmed.